August 2, 2023

**VIA ECF**
Hon. Rachel P. Kovner
United States District Court, Eastern District of New York
225 Cadman Plaza East, Ct. Rm. 4E-N
Brooklyn, New York 11201

> Re: *Jane Doe 1, et ano v. The Congregation of the Sacred Hearts, et al.*
> Civil Case No.: 1:23-cv-05294-RPK-LB

Dear Judge Kovner:

The various undersigned attorneys represent the following defendants: (1) The Congregation of the Sacred Hearts of Jesus and Mary, (2) Roman Catholic Bishop of Fall River, a Corporation Sole, (3) the Sisters of Charity of Montreal, and (4) Missionary Oblates of Mary Immaculate Eastern Province (collectively, "Defendants") in the above-referenced matter. On behalf of our respective clients, pursuant to Your Honor's Individual Practice Rules § IV.A, we submit the within letter to request a pre-motion conference in connection with Defendants' anticipated motions to dismiss pursuant to Fed. R. Civ. P. 12(b). The letter is being submitted jointly for judicial efficiency, and each of the Defendants' respective grounds for dismissal are as set forth below in summary fashion.[1]

### *Factual and Procedural History*

This case concerns allegations that the Plaintiffs were sexually and physically abused between 1964 and 1970 by certain named and unnamed individuals, including priests and nuns, while they were minors attending a religious boarding school located in Fairhaven, Massachusetts. According to the Plaintiffs, the Defendants had members who actively participated in the alleged abuse, improperly trained and supervised members, and/or aided and abetted in the unlawful kidnapping and transporting of the Plaintiffs to and from locations in Massachusetts, New York, and Maine where they were abused.

Each of the Defendants is a separate charitable and religious nonprofit corporation. The Defendants, together with yet another corporation, the Sisters of Charity of Quebec, were parties to an action brought by the Plaintiffs in the U.S. District Court for the Southern District of New York ("SDNY"), Case No. 1:21-cv-06865, which was dismissed by order of the Hon. Denise L. Cote, on January 13, 2023, for improper venue. **See Ex. "A", hereto.** Judge Cote found that Plaintiffs failed to argue, let alone establish, that a "substantial portion of events occurred" in the Southern District. *Id.* **at 8**. Plaintiffs re-filed their (nearly) identical Complaint in this Court on July 11, 2023, based on the same alleged conduct and, once again, fail to cure the pleading deficiencies outlined below.

---

[1] The Defendants submit this letter subject to, and without waiver of, any defense, affirmative defense, argument, or objection each Defendant may have with respect to the Plaintiffs' claims, including defenses based upon a lack personal jurisdiction over each Defendant.

### *The Congregation of the Sacred Hearts of Jesus and Mary*

The Congregation of the Sacred Hearts – United States Province[2] ("Congregation") intends to move, pursuant to Fed. R. Civ. P. 12(b)(2), (3) and (6), for the dismissal of all claims against it set forth in the Complaint. It intends to assert lack of personal jurisdiction because neither general nor specific jurisdiction exists as the Congregation is organized under the laws of, and has a principal place of business in, Massachusetts, and it lacks contacts with New York that due process requires under Supreme Court and Second Circuit precedent to permit the exercise of general jurisdiction in New York. Further, none of the bases for jurisdiction under New York's long-arm statute, N.Y. C.P.L.R. § 302(a), apply here as to the Congregation because, among other things: any activities on the part of the Congregation within New York do not sufficiently relate to the claims asserted against it; Plaintiffs have failed to plausibly plead that the Congregation performed any alleged tortious conduct while physically present in New York; Plaintiffs have failed to plausibly plead that the Congregation regularly transacts business or derives substantial revenue from goods used or consumed or services rendered in New York or expects its actions to have consequences in the state and derives substantial revenue from interstate or international commerce; and the Congregation does not own, use or possess any property within New York, let alone property that serves as the basis for any of Plaintiffs' causes of action.

In addition, the Congregation intends to assert that the Plaintiffs' claims against it are time-barred and fail for lack of venue upon the respective bases that the Plaintiffs' claims are untimely under the relevant New York statutes, including CPLR § 214-g, and that Plaintiffs have failed to sufficiently plead facts demonstrating that at substantial portion of the events giving rise to Plaintiffs' claims occurred in the Eastern District of New York.

Finally, the Congregation intends to move, also under Fed. R. 12(b)(6), that in light of: New York's recognition that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context; the applicable standards of facial plausibility; and other grounds specific to Plaintiffs' individual claims against the Congregation, Plaintiffs' have failed to state a claim against the Congregation upon which relief can be granted.

### *Roman Catholic Bishop of Fall River, a Corporation Sole ("RCBFR")*[3]

---

[2] Plaintiffs named as a defendant "The Congregation of the Sacred Hearts of Jesus and Mary" with an alleged principal place of business and citizenship in Massachusetts. Upon information and belief, Plaintiffs intended to name The Congregation of the Sacred Hearts – United States Province, a charitable corporation organized under the laws of Massachusetts with principal places of business in Fairhaven, Massachusetts and Honolulu, Hawaii. Further, whereas Plaintiffs' original complaint in the SDNY lawsuit named as a separate defendant the "Sisters of the Sacred Hearts of Jesus and Mary", the amended complaint in that lawsuit and the Complaint in the instant action erroneously allege members of that entity, i.e, the "Sacred Heart nuns" (*see* Complaint, ¶ 48), to be agents of the Congregation. The Congregation is legally distinct from the Sisters of the Sacred Hearts, a separate Massachusetts corporation. The Congregation reserves all rights associated with these deficiencies of misnomer and misidentification.

[3] Despite repeated corrections in the SDNY action, Plaintiffs again incorrectly refer to RCBFR as the "Diocese of Fall River," which is the ecclesiastical territory, or province of the RCBFR, limited to certain counties in Southeastern Massachusetts.

RCBFR is a civil non-profit religious corporation sole based entirely in Massachusetts, and seeks permission to file a motion to dismiss pursuant to Rules 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure. Dismissal of Plaintiffs' claims against RCBFR is appropriate because the factual allegations, even if true: (1) fail to establish personal jurisdiction; (2) do not allege that a substantial part of the events or omissions giving rise to the claims occurred in the EDNY; and (3) fail to state a claim against RCBFR upon which relief can be granted and are otherwise untimely.

First, New York law authorizes personal jurisdiction over a non-resident only if the defendant is subject to general or long-arm jurisdiction under N.Y. C.P.L.R. § 301 or § 302. The Complaint does not (and cannot) allege RCBFR is incorporated in New York, has its principal place of business in New York, transacts any business in New York, or contracts to supply goods in New York. Plaintiffs' limited reference to "promotional materials" soliciting students for the Massachusetts-based boarding school does not, as a matter of law, establish jurisdiction. *See, e.g., Sullivan v. Ringling Coll. of Art & Design, Inc.*, No. 19-cv-1302, 2019 WL 6529823, at *8 (S.D.N.Y. Dec. 4, 2019).

Second, the Complaint ignores Judge Cote's finding that to establish proper venue Plaintiffs must allege facts showing the underlying events or omissions are substantially connected to the EDNY. Plaintiffs' claims against RCBFR revolve around alleged abuse at the Fairhaven, Massachusetts boarding school they attended as children and fail to specifically allege that RCBFR engaged in activities within this District.

Finally, Plaintiffs' causes of action against RCBFR are predicated on conduct that occurred in Massachusetts and are not revived by the CVA. *See S.H. v. Diocese of Brooklyn,* No. 2020-07387, 2022 WL 1414607, at *4 (N.Y. App. Div. May 4, 2022). Additionally, any attempt to hold RCBFR liable for alleged sexual abuse by a diocesan priest at "private residences and clergy-owned retreat homes" somewhere in New York also fails. New York courts have repeatedly held that acts of sexual abuse are outside the scope of employment because they arise from personal motives and do not further an employer's business, and employers therefore cannot be held vicariously liable for such conduct. *See, e.g., C.Q. v. Est. of David Rockefeller*, 20-cv-2205, 2021 WL 4942802, at *3 (S.D.N.Y. Oct. 21, 2021).

### *Sisters of Charity of Montreal*

The Sisters of Charity of Montreal (the "Montreal Sisters") anticipates filing a motion to dismiss all claims against it pursuant to various provisions of Fed. R. Civ. P. 12(b). First, the Montreal Sisters intends to argue that this Court lacks personal jurisdiction—both general and specific—over the Montreal Sisters under Fed. R. Civ. P. 12(b)(2). The Montreal Sisters is a religious and charitable nonprofit organization based in Canada with no jurisdictionally relevant contacts with New York, either through general jurisdiction or for purposes of New York's long-arm statute. As it did in the initial SDNY lawsuit, the Montreal Sisters intends to submit a declaration stating that the organization, during all relevant times, did not operate any institutions in New York or conduct any activities in New York, related to New York, or related to the residents of New York. Moreover, any alleged tortious conduct that occurred in New York: (1) did not

involve members of the Montreal Sisters; and (2) was outside scope of any purported agency relationship as a matter of law.

Next, the Plaintiffs' claims against the Montreal Sisters are time-barred and thus subject to dismissal under Fed. R. Civ. P. 12(b)(6) because New York's revival statute, CPLR § 214-g, does not apply to claims predicated on childhood sexual abuse alleged to have occurred outside the State of New York, and the Plaintiffs' claims are untimely as a matter of law under the relevant New York statutes, which govern here in light of New York's borrowing statute, CPLR § 202.

Further, the Montreal Sisters intends to move to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) because venue in the Eastern District of New York is improper. The hub of the Plaintiffs' claims is a boarding school in Massachusetts, and a substantial portion of the alleged events, actions, and omissions occurred in Eastern Massachusetts, which is in the District of Massachusetts. Other alleged events are said to have occurred in the Northern District of New York or the District of Maine.

The Montreal Sisters also intends to move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because any claims against the Montreal Sisters that are predicated on alleged New York conduct are impermissibly vague and conclusory. For example, as they did in the previous SDNY lawsuit, the Plaintiffs repeatedly and improperly conflate the Montreal Sisters with the Sisters of Charity of Quebec, each of which is a legally distinct and separate civil nonprofit organization, but whose nuns have colloquially been referred to as the "Grey Nuns" because of their historical habits (clothing).

### *Missionary Oblates of Mary Immaculate Eastern Province*

The Missionary Oblates of Mary Immaculate Eastern Province (the "Oblates"), seeks to file a motion pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that the Plaintiffs' claims against the Oblates are time-barred and not otherwise revived by New York's revival statute (CPLR § 214-g). Plaintiffs original Complaint in the SDNY was filed on August 14, 2021, the same day that the revival window closed. They did not name or otherwise reference the Oblates (or any other related or mistaken entity) in the Complaint. It was only on April 20, 2022, more than *eight months after* the revival window had already closed, that they filed an Amended Complaint asserting claims against the Oblates. Thus, any claims that would otherwise have been revived (i.e., claims based on conduct occurring in New York) are time-barred.

Likewise, any claims based on conduct occurring in Maine or Massachusetts are also time-barred since, under *Erie* and its progeny, New York's choice of law rules, statutes of limitations, and tolling rules will govern those claims. Under New York's borrowing statute (CPLR §202), where the claim accrues ***without the state*** it is subject to the shorter of New York's limitation period and the limitation period of the state where the claim accrued, ***unless*** the claim accrues to a New York resident, in which case New York's limitation period (and tolling rules) will apply. Plaintiffs allege they were New York residents during the alleged period of abuse, so CPLR §202 should not apply, but even if it did, claims based on abuse in Massachusetts are time-barred by that states' shorter limitations period, and claims based on abuse in Maine are time-barred by New

York's shorter limitations period. Moreover, Plaintiffs' perfunctory (and singular) allegation that the Oblates are "estopped" from asserting the statute of limitations as a defense because it "fraudulently concealed" the alleged abuse does not satisfy the pleading standard of Rule 8, let alone the particularity requirements of Rule 9(b).

### Joint Request to Enlarge Page Limits

Additionally, given the complexity of the legal arguments to be presented and the volume of allegations to be addressed, the Defendants jointly request an enlargement of Your Honor's page limits for their respective opening briefs from 25 to **35 pages**, and for reply briefs, from 10 to **15 pages**.

Respectfully submitted,

BIEDERMANN HOENIG SEMPREVIVO,
A Professional Corporation

By: */s/ Sara E. Thompson*
    Sara E. Thompson

*Attorneys for Defendant*
MISSIONARY OBLATES OF MARY
IMMACULATE EASTERN PROVINCE
60 East 42nd Street, 36th Floor
New York, New York 10165
Tel: (646) 218-7560
Sara.Thompson@lawbhs.com

FARRELL FRITZ, P.C.

By: */s/ Domenique Camacho Moran*
    Domenique Camacho Moran

*Attorneys for Defendant*
ROMAN CATHOLIC BISHOP OF FALL
RIVER, A CORPORATION SOLE
400 RXR Plaza
Uniondale, New York 11556-0120
Tel: 516.227.0626
dmoran@farrellfritz.com

DOWNS RACHLIN MARTIN PLLC

By: */s/ Timothy C. Doherty, Jr.*
    Timothy C. Doherty, Jr.

*Attorneys for Defendant*
SISTERS OF CHARITY OF MONTREAL
199 Main Street, P.O. Box 190
Burlington, Vermont 05402-0190
Tel: (802) 846-8324
TDoherty@drm.com

TALKIN, MUCCIGROSSO & ROBERTS, LLP

By: */s/ Sanford N. Talkin*
    Sanford N. Talkin

*Attorneys for Defendant*
THE CONGREGATION OF THE SACRED
HEARTS – UNITED STATES PROVINCE
40 Exchange Place, 18th Floor
New York, New York 10005
Tel: (212) 482-0007
samt@talkinlaw.com