**BAKER BOTTS** LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

August 3, 2023

<u>VIA ECF</u>

The Honorable Rachel P. Kovner
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Andrew M. Lankler
TEL: 2124082516
FAX: 2122592516
andrew.lankler@bakerbotts.com

Re:   *Doe 1 et al. v. The Congregation of the Sacred Hearts of Jesus and Mary et al..*,
Civil Case No. 1:23-cv-05294-RPK-LB
<u>Letter Requesting Pre-Motion Conference on a Motion to Dismiss</u>

Dear Rachel P. Kovner:

We represent The Sisters of Charity of Quebec in the above-referenced case and write pursuant to Section IV.A. of Your Honor's Individual Practice to join in the other Defendants' request for a pre-motion conference in connection with our anticipated motion to dismiss the Complaint in the above-referenced matter. We incorporate by reference the factual and procedural history contained in the letter filed by defendants the Congregation of the Sacred Hearts of Jesus and Mary, the Roman Catholic Bishop of Fall River, a Corporation Sole, The Sisters of Charity of Montreal and the Missionary Oblates of Mary Immaculate Eastern Province. ECF No. 12 and Ex. A thereto.

## I.   **The Complaint's Allegations**

Plaintiffs Jane Doe 1 and Jane Doe 2 were enrolled in Sacred Hearts Academy in Fairhaven, Massachusetts, in 1964. (Compl. ¶¶ 3, 22). The Complaint contains a litany of allegations of abuse Plaintiffs suffered at various orphanages, private residences, clergy-owned retreat homes, and seminaries in Massachusetts, New York, and Maine, owned and operated by a variety of charitable organizations. (Compl. ¶ 112). Plaintiffs exhibits included information about abuse that was carried out by even more charitable organizations that are not named as Defendants. (*E.g.* Compl. Ex. 4 pp. 2, 4, 5, 6, 7). Amongst other abuses, Plaintiffs allege that they were subjected to sexual abuse at an orphanage run by "Grey Nuns" in Fairhaven, Massachusetts. (Compl. ¶¶ 32, 64, 88.) However, during this time, The Sisters of Charity of Quebec—which the Complaint lumps together with The Sisters of Charity of Montreal and collectively refers to as "Grey Nuns"—operated no schools or orphanages in Fairhaven. Indeed, as the exhibits to the Complaint make clear, the Sisters of Charity of Quebec have been affiliated with other orphanages in Massachusetts, but none in Fairhaven. (Compl. Ex. 4 pp. 1, 3).

Beyond a conclusory allegation that the "Grey Nuns" operated the orphanage at issue in this case, the Complaint does not even suggest that The Sisters of Charity of Quebec were affiliated with any orphanages or schools in Fairhaven, Massachusetts, or any institutions in New York.

**BAKER BOTTS** LLP

The Honorable Rachel P. Kovner — - 2 - — August 3, 2023

## II. The Procedural History

The Sisters of Charity of Quebec highlighted these deficiencies in a litigation Plaintiffs filed in SDNY. Case No. 1:21-cv-06865. When Plaintiffs initially filed the SDNY case, on August 14, 2021, it was the final day of the statute of limitations period that N.Y. C.P.L.R. §214-g revived for claims of this nature. Notably, The Sisters of Charity of Quebec were not named as a Defendant in the initial SDNY complaint. On information and belief, Plaintiffs received information that The Sisters of Charity of Quebec were a distinct religious charitable organization in December 2021, at the latest, and then waited more than a month to make the Sisters of Charity of Quebec aware of the SDNY action. On April 20, 2022, approximately 249 days after the statute of limitations had passed, Plaintiffs filed the SDNY Amended Complaint, which, for the first time, named The Sisters of Charity of Quebec as a defendant.

Hon. Denise L. Cote dismissed the SDNY Complaint for improper venue on January 13, 2023. *See* Ex. A. Perhaps implicitly recognizing the statute of limitations, venue, and jurisdictional issues that confronted Plaintiffs in New York, Judge Cote found that the interests of justice did not mandate transferring the case to another district because Plaintiffs indicated in their pleadings that these claims may be re-filed in Massachusetts or Maine. (Ex. A at pp. 9-10).

After a delay of nearly half a year, and without filing for an appeal, Plaintiffs filed a nearly identical complaint in the Eastern District of New York. Even with the extra time, Plaintiffs made no changes that meaningfully addressed the deficiencies Defendants highlighted in the SDNY action.

## III. Discussion

All claims against The Sisters of Charity of Quebec should be dismissed because Plaintiffs' claims are time-barred, the Court lacks personal jurisdiction, venue is improper, and the Complaint fails to state a claim upon which relief could be granted.

First and foremost, Plaintiffs' claims are outright barred by the applicable statute of limitations and can be readily dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs assert they were residents of New York when the cause of action accrued (Compl. ¶ 8), so New York's statute of limitations controls. N.Y. C.P.L.R. §202. New York law extended the statute of limitations until August 14, 2021 and revived certain claims pursuant to the Child Victims' Act. N.Y. C.P.L.R. §214-g. Plaintiffs did not put The Sisters of Charity of Quebec on notice of their claim until months after this deadline, nor did they formally name The Sisters of Charity of Quebec as a Defendant until April 20, 2022, nearly 249 days after the limitations period expired.

Second, this Court lacks general or specific personal jurisdiction over The Sisters of Charity of Quebec and should therefor dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiffs do not allege general personal jurisdiction over The Sisters of Charity of Quebec, nor could they. The Sisters of Charity of Quebec is a foreign organization that is not essentially at home in New York. And applying New York's long-arm statute does not create jurisdiction, since the Complaint contains no particularized statements alleging The Sisters of Charity of Quebec committed any tortious activities in New York.

**BAKER BOTTS** LLP

The Honorable Rachel P. Kovner - 3 - August 3, 2023

Third, the Complaint ignores Judge Cote's finding that Plaintiffs must allege facts showing the underlying events or omissions are substantially connected to the venue as required by Fed. R. Civ. P. 12(b)(3). The Complaint includes no specific references to The Sisters of Charity of Quebec at all, let alone those that would show the Eastern District of New York is an appropriate venue. Instead, Plaintiffs' claims concern activities largely at a Massachusetts boarding school and, if in New York at all, in the Northern District.

Finally, the Complaint fails to state a claim as to which this Court could grant relief or which would even put The Sisters of Charity of Quebec on reasonable notice of its alleged conduct, as required by Federal Rules of Procedure 8 and 12(b)(6). The allegations conflate The Sisters of Charity of Quebec with an independent and separate organization rendering them impermissibly vague and conclusory. The Complaint also fails to account for its own numerous geographical and temporal inconsistencies.

### IV.Joining the Request to Enlarge Page Limits

All claims against The Sisters of Charity of Quebec in the Complaint should be dismissed for numerous, independent reasons, as detailed above. Given the complexity of the legal arguments to be presented and the volume of the allegations to be addressed, The Sisters of Charity of Quebec join in the joint request to enlarge Your Honor's page limits for opening briefs from 25 to **35 pages**, and for reply briefs, from 10 to **15 pages**.

Respectfully Submitted,

*/s/ Andrew M. Lankler*
Andrew M. Lankler
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Tele: (212) 408-2516
andrew.lankler@bakerbotts.com

*Counsel for Defendant,*
*Sisters of Charity of Quebec*